**Dismiss; Opinion Filed March 27, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00411-CV**

**PNC BANK, N.A., Appellant**
**V.**
**RPCG-GP I, LLC, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-01763**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

This is an interlocutory appeal from an order denying appellant's special appearance. Appellee, RPCG-GP-I, LLC, filed a petition pursuant to Rule 202 of the Texas Rules of Civil Procedure to obtain pre-suit discovery from appellant, PNC Bank, N.A. Appellant filed a special appearance, asserting that it lacked minimum contacts with Texas to support specific or general personal jurisdiction. Appellant also opposed the Rule 202 petition on the merits. After a hearing, the trial court issued an order denying appellant's special appearance. The following day, the trial court issued an order denying appellee's Rule 202 petition.

Appellant appeals the order denying its special appearance. It asserts that the trial court erred in denying its special appearance because appellant is a non-resident corporation that is neither incorporated nor domiciled in Texas and does not conduct substantial operations in Texas. In response, appellee asserts that this appeal is moot because the trial court's denial of its Rule 202 petition disposed of all claims for relief among the parties.

Whether a court has subject matter jurisdiction is a legal question that is reviewed de novo. *See Tex. Nat. Resource Conservation Comm'n v. I.T.-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The mootness doctrine implicates a court's subject matter jurisdiction. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.).

An appellate court is prohibited from deciding a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "This prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions." *Id*. An appeal becomes moot if the controversy between the parties ceases to exist or any decision rendered by the appellate court would not affect the parties' rights. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) (court cannot decide case that has become moot).

There are two exceptions that allow an appellate court to address issues that are otherwise moot: (1) issues that are capable of repetition yet evading review; and

(2) issues implicating the collateral consequences doctrine. *See Trulock*, 277 S.W.3d at 924 (citing *Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990)). "'Capable of repetition yet evading review' is a rare exception to the mootness doctrine." *Texas A & M University–Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011). It is limited to situations where the following circumstances are simultaneously present: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, or the party cannot obtain review before the issue becomes moot; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Id*. This exception is further limited because it has only been used to challenge unconstitutional acts performed by the government. *OXY U.S.A.*, 789 S.W.2d at 571; *Trulock*, 277 S.W.3d at 924. The "collateral consequences" exception has been applied when prejudicial events have occurred "whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate." *In re Sierra Club*, 420 S.W.3d 153, 158 (Tex. App.—El Paso 2012, orig. proceeding); *see also OXY U.S.A.*, 789 S.W.2d at 571.

In this case, the only controversy between the parties was appellee's petition for pre-litigation discovery under Rule 202 of the Texas Rules of Civil Procedure. When the trial court denied appellee's Rule 202 Petition, the controversy between the parties ceased to exist. Because the controversy no longer exists, this appeal is moot. *See Trulock*, 277 S.W.3d at 924. Appellant urges this Court to determine

whether the trial court's denial of its special appearance will have a preclusive effect in any future litigation between the parties. However, appellant makes no allegation that would bring the appeal of its special appearance within either exception to the mootness doctrine.

Having determined that the controversy between the parties is moot and no exception to the mootness doctrine applies under the facts of this case, we overrule appellant's issues. Appellant's interlocutory appeal is dismissed. TEX. R. APP. P. 42.3(a).

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

190411f.p05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

PNC BANK, N.A., Appellant

No. 05-19-00411-CV     v.

RPCG-GP I, LLC, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-01763. Opinion delivered by Justice Pedersen, III. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee RPCG-GP I, LLC recover its costs of this appeal from appellant PNC BANK, N.A.

Judgment entered this 27th day of March, 2020.